# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00205-CR
NO. 03-07-00206-CR

**Jose Herrera Lopez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT NOS. 5525 & 5657, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

On January 26, 2006, appellant Jose Herrera Lopez pleaded guilty to assaulting his mother, Hilaria Casares, a third-degree felony, and was sentenced to four years' imprisonment probated for four years (No. 03-07-00205-CR). *See* Tex. Penal Code Ann. § 22.01(b)(2) (West Supp. 2008). Shortly thereafter, on May 9, 2006, appellant was arrested again after an altercation with his mother and his step-father, Antonio Casares. The indictment alleged that appellant committed two counts of assault causing bodily injury to a family member. The indictment alleged injuries to Mr. Casares's back and Mrs. Casares's face; it did not allege the use of any type of weapon. The State moved to revoke appellant's probation, alleging he violated the terms of his probation by (1) committing family violence against Mrs. Casares and (2) having contact with Mr. and Mrs. Casares.

The jury convicted appellant on both counts in the second cause. Appellant was sentenced to sixty years' imprisonment as a habitual felony offender because of at least two prior felony convictions (No. 03-07-00206-CR). *See id.* § 12.42(d) (West Supp. 2008) (enhancement of punishment upon third felony conviction). The trial court then granted the State's motion to revoke appellant's probation.

Appellant appeals the judgment of conviction in the second cause and the revocation of his probation in the first cause. He argues that (1) the evidence was factually insufficient to support the conviction, (2) the trial court abused its discretion in admitting certain evidence, (3) the court wrongfully excluded certain evidence during the guilt/innocence phase, and (4) the evidence was insufficient to support the revocation of his probation. We affirm.

**Sufficiency of the evidence and revocation of probation**

Appellant argues that the evidence was factually insufficient to support either the conviction or the revocation of his probation, pointing to discrepancies in Mr. and Mrs. Casares's testimony and their criminal histories.

Mr. Casares testified that on May 9, 2006, appellant called and asked his mother and stepfather to pick him up and bring him to their house so he could eat and do his laundry. Mr. Casares said he picked appellant up and brought him back to the Casareses' home, where he began to argue with the Casareses. Mr. Casares testified that his wife was present when the argument began and that appellant "started pushing, shoving and trying to beat on" Mrs. Casares. Mr. Casares testified that when appellant slapped Mrs. Casares on the side of the face, Mr. Casares intervened and tried to push appellant out of the way. Appellant knocked Mr. Casares over, then

2

turned him upside down and shook him, hitting his head on the floor and popping his neck. When Mr. Casares tried to crawl away, appellant broke a chair over Mr. Casares's back. Mr. Casares testified that appellant also threatened to kill the Casareses and burn their house down. The State introduced photographs taken by the police after the assault showing cuts and bruises on Mr. Casares's back, arm, neck, and face showing the broken chair with which the Casareses testified appellant struck Mr. Casares.

Mrs. Casares thought she had picked up appellant but she was not sure. She said that when appellant got to the house with his laundry, he shoved her and said, "Do my laundry. I was going to do it but now you're going to do it." Mrs. Casares said, "Okay," and went into the kitchen to start the laundry. While she was in the kitchen, appellant started arguing with Mr. Casares; Mrs. Casares did not know who started it. She testified that she came into the living room and tried to get between them, at which point appellant hit her on the side of her face and twice on her back. After appellant hit her, Mr. Casares told appellant to stop, at which time appellant began fighting with Mr. Casares. Mrs. Casares testified that during the fight, appellant broke a chair over her husband's back. She did not remember appellant making any threats during the altercation.

Mr. and Mrs. Casares both testified that each had been imprisoned for driving while intoxicated (DWI) in the past. However, they also testified that both have been sober for four to five years and that neither of them had consumed any alcohol on the day of the assault.

Appellant argues that the evidence was insufficient because (1) Mr. Casares testified that he picked up appellant while Mrs. Casares testified that it was she who picked him up, and (2) Mr. Casares testified that appellant threatened to kill them and burn down their house, but

3

Mrs. Casares said she did not remember any such threats. Appellant also argues that the Casareses' testimony was unreliable because of their DWI histories. Essentially, he attacks the jury's determination of the weight and credibility to be given to Mr. and Mrs. Casares' testimony.

The court of criminal appeals has stated that

> the court of appeals must be cognizant of the fact that a jury has already passed on the facts and must give due deference to the determinations of the jury. While the court of appeals may disagree with the factfinder, it should afford the appropriate deference in order to avoid substituting its judgment for that of the jury. . . . A verdict should be set aside only if the evidence supporting the verdict is so weak as to render the verdict clearly wrong or manifestly unjust.

*Lancon v. State*, 253 S.W.3d 699, 704-05 (Tex. Crim. App. 2008) (citations omitted). We give "almost complete deference" to a jury's decision "regarding what weight to give contradictory testimonial evidence because the decision is most likely based on an evaluation of credibility and demeanor, which the jury is in the better position to judge." *Id.* at 705-06. "Because the jury is the sole judge of a witness's credibility, and the weight to be given the testimony, it may choose to believe some testimony and disbelieve other testimony," and we will not hold that a jury's decision is manifestly unjust merely because we might have resolved conflicting evidence in a different way. *Id.* at 707. Therefore, we will not second-guess the jury's determination of the weight or credibility to be assigned to Mr. and Mrs. Casares' testimony. Neither the minor discrepancies in the Casareses' testimony nor their past DWI convictions require a finding that their testimony was unreliable. Viewing all the evidence neutrally and giving proper deference to the jury, *see id.* at 704-05, we conclude that the evidence is factually sufficient to support the verdict. We overrule appellant's first point of error related to his conviction.

4

In his appeal from the revocation of his probation, appellant contends that the evidence provided insufficient grounds for the trial court to revoke his probation, basing his complaint entirely on his factual sufficiency argument addressed above. However, we review a trial court's decision to revoke probation for an abuse of discretion, and the State need only prove its allegations by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). There was sufficient evidence on which the trial court could decide to revoke appellant's probation, and the court did not abuse its discretion in doing so. We overrule appellant's point of error in his appeal from the revocation of his probation.

### Evidentiary complaints

Appellant next contends that the trial court abused its discretion in overruling objections to evidence of extraneous offenses and hearsay statements. We disagree.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008) (hearsay evidence); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005) (extraneous-offense evidence). If "the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

The State introduced as exhibits 1 through 7 seven photographs taken by the police. Exhibit 1 showed Mr. Casares's injured back; exhibits 2 through 5 showed injuries to Mr. Casares's upper arm, neck, wrist, and forehead; and exhibits 6 and 7 showed a broken chair. Appellant objected to exhibits 2 through 7 on relevance grounds because the indictment only alleged injuries to Mr. Casares's back and did not allege use of a chair as a weapon. Appellant also objected to

5

Mrs. Casares's testimony that appellant hit her on her back because the indictment alleged only that she suffered injuries to her face. The trial court gave the jury an instruction that it was not to consider exhibits 2 through 7 or Mrs. Casares's testimony concerning her back injuries unless it believed beyond a reasonable doubt that appellant caused the portrayed injuries. Appellant contends on appeal that Mrs. Casares' testimony about her back injuries and exhibits 2 through 7 were irrelevant extraneous-offense evidence and should have been excluded.

First, we note that appellant did not object to Mr. Casares's testimony that appellant injured his neck and arm and broke a chair over his back. Thus, any complaints related to exhibits 2 through 7 are waived. *See Stoker v. State*, 788 S.W.2d 1, 12 (Tex. Crim. App. 1989) ("It is well established that when a defendant offers the same testimony as that objected to, or the same evidence is introduced from another source, without objection, the defendant is not in position to complain on appeal."). Even if appellant had not waived this complaint, a photograph is generally admissible "if verbal testimony as to matters depicted in the photographs is also admissible." *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007).

Further, relevant evidence of extraneous offenses may be admitted if it falls within an exception to the bar on such evidence. *See Rogers v. State*, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993). Extraneous-offense evidence is not admissible to prove that the defendant acted "in conformity therewith," but may be admitted for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tex. R. Evid. 404(b). "Same transaction contextual evidence," in which "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction," is

6

admissible if "*necessary* to the jury's understanding of the instant offense." *Rogers*, 853 S.W.2d at 33 (quoting *Mayes v. State*, 816 S.W.2d 79, 86-87 n.4 (Tex. Crim. App. 1991)).

Evidence is relevant if it tends to make the existence of a material fact more or less probable than it would be without the evidence. Tex. R. Evid. 401. The challenged evidence was relevant because it supported the Casareses' testimony and tended to make it more probable that appellant committed the assaults as charged in the indictment and alleged by the Casareses. *See id.* Thus, the only question is whether the evidence was proper under rule 404(b).

"[T]he jury is entitled to know all the relevant surrounding facts and circumstances of the charged offense; an offense is not tried in a vacuum." *Moreno v. State*, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986). We cannot say that the trial court abused its discretion by concluding that the jury needed the challenged evidence to fully understand the context of the altercation. It was also within the court's discretion to conclude that Mrs. Casares's back injuries, Mr. Casares's arm, neck, and head injuries, and the means by which they were inflicted were so connected to the injuries alleged in the indictment as to form an indivisible criminal transaction. The trial court did not abuse its discretion in admitting the evidence.

Appellant also complains that the court erred in overruling his hearsay objection to Mrs. Casares's testimony about a statement she made to the police shortly after the assault. Mrs. Casares testified that she told the police that appellant hit her with his hand on her face and head and that her husband told appellant to stop. Mrs. Casares was then asked whether she told the police, "And he still hit me and he turned and he hit my husband and knocked him down." Before she answered, appellant objected "to hearsay within this statement." The trial court overruled the objection, and Mrs. Casares said that she had made that statement.

7

The alleged hearsay of which appellant apparently complains is Mrs. Casares's testimony that her husband told appellant to stop hitting her. However, she and Mr. Casares had already testified to this fact. Thus, any error related to the admission of that statement was waived. *See Stoker*, 788 S.W.2d at 12. Further, even if the issue had been preserved, we have a fair assurance that any error did not influence or had at most a slight effect on the jury. *See* Tex. R. App. P. 44.2(b) (courts must disregard any error that does not affect substantial rights); *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003) (review entire record, consider evidence supporting verdict, alleged error, extent error was emphasized by State, and how erroneous evidence might have been considered in connection with other evidence); *Grant v. State*, 247 S.W.3d 360, 369 (Tex. App.—Austin 2008, pet. ref'd).

We overrule appellant's second point of error raised in the second cause.

### Exclusion of evidence

In appellant's third point of error related to the judgment of conviction, he contends that the trial court erroneously excluded testimony by two probation officers.

During the guilt/innocence phase of trial, appellant sought to introduce testimony by two probation officers to show that he was in a bad situation with his mother and stepfather and that he wanted to move to another city. The court did not allow the testimony during guilt/innocence but did admit it during the punishment phase as possible mitigation evidence.

Appellant argues that the trial court should have allowed the testimony during guilt/innocence because it was relevant to his guilt. However, neither officer could testify about the events of May 9, 2006, and, therefore, their testimony was not relevant to appellant's guilt or

8

innocence of the alleged assaults. The fact that appellant's relationship with his parents was difficult or even violent was not relevant to whether he assaulted them. Appellant also contends that the excluded testimony should have been admitted because it went to his state of mind. Again, however, the probation officers could not testify as to appellant's state of mind on May 9, and, thus, the evidence was irrelevant to the charged offenses.[1] We overrule appellant's third point of error.

### Conclusion

We have overruled appellant's three points of error in the second cause, related to his conviction for two counts of assault on a family member, and his sole point of error in the first cause, related to the revocation of his probation. We affirm the judgment of conviction and the revocation of appellant's probation.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: March 12, 2009

Do Not Publish

---

[1] Appellant's counsel has provided no explanation of how the proffered evidence was relevant to whether he committed the assaults or how his "state of mind at the time" of the incident was relevant during the guilt/innocence phase. *See* Tex. R. App. P. 38.1(h) (brief must present "clear and concise argument for the contentions made").