

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1139-07

**ANDREW TYRONE McCARTY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 06-06-00167-CR FROM THE SIXTH COURT OF APPEALS
### FANNIN COUNTY

**HOLCOMB, J.,** *delivered the opinion for a unanimous Court.*

### **O P I N I O N**

In this case, we must determine whether, under Texas Rule of Evidence 803(2), the event about which an excited utterance is made has to be the same event that caused the declarant's excitement. We hold that it does not and affirm the judgment of the court of appeals.

*Background*

Appellant Andrew Tyrone McCarty was tried in 2000 on two counts of indecency with his five-year-old step-daughter,[1] but a mistrial was declared. In 2006, appellant was tried again on the same two counts of indecency with a child and also on two additional indictments for aggravated

---

[1]*See* TEX. PEN. CODE § 21.11(a).

sexual assault of the child by penetration.[2] The record shows that, at the second trial, the complainant testified that she remembered nothing about the charged offenses. Her testimony from the previous trial was then read into evidence. The State also presented the testimony of several other witnesses, including two outcry witnesses and the complainant's grandmother, Debra Bassett Tune. During the course of her testimony, Tune related an incident, including out-of-court statements by the complainant, when Tune's young son ("Uncle Colt") attempted to tickle the complainant.[3] Appellant objected to the complainant's statements as being hearsay, but the trial court admitted the evidence under the excited-utterance exception to the hearsay rule. *See* TEX. R. EVID. 803(2). The jury found appellant guilty on both counts of indecency with a child. The jury was unable to reach a verdict on one of the aggravated sexual assault charges, and found appellant not guilty on the other aggravated sexual assault charge. The jury assessed appellant's punishment at ten years' imprisonment and a $1,000 fine on each indecency with a child conviction.

On appeal, appellant raised three issues, only one of which is relevant to our present review. Appellant contended that the trial court erred in admitting Tune's testimony regarding the complainant's out-of-court statements when the uncle tickled her, arguing that those statements did not qualify as excited utterance under the Texas Rules of Evidence. The court of appeals disagreed, *McCarty v. State*, 227 S.W.3d 415, 417 (Tex. App.— Texarkana 2007), and, overruling all of appellant's issues, affirmed the judgment of the trial court. *Id.* at 419. We granted appellant's

---

[2] TEX. PEN. CODE § 22.021(a)(1)(B).

[3] For example, Tune testified that the complainant, upon being tickled by her "Uncle Colt," began to cry and said, "Don't do that. I don't like being touched by boys and men no more. Andrew [appellant] pulled up my blouse and was tickling my ribs and touched me." Tune also testified that the complainant stated, "Uncle Colt, don't -- I don't like that no more . . . Andrew tickled me and hurt me. Started tickling me and hurt me."

petition to review the court of appeals' holding solely on the excited-utterance issue.

*Discussion*

We review a trial court's decision to admit evidence over objection under an abuse-of-discretion standard and will not reverse that decision absent a clear abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). Hearsay statements are not admissible unless they fall within a recognized exception to the hearsay rule. TEX. R. EVID. 802. The excited-utterance exception, at issue in the case before us, is one of the recognized exceptions to the hearsay rule and applies to "[a] statement *relating* to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2) (emphasis added).

Appellant in the present case argues that "the event producing the excited utterance must be the event about which the utterance is made." In other words, he contends that the complainant's statements would have been admissible only if they were about the uncle's tickling itself, the event which had produced the complainant's "excited utterance."

We disagree. The problem with appellant's position is that he is equating the relatively strict requirements of Rule 803(1), the present-sense-impression exception to the hearsay rule, with the relatively more liberal requirements of Rule 803(2), the excited-utterance exception. A "present sense impression" is "[a] statement *describing or explaining* an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." TEX. R. EVID. 803(1) (emphasis added). Thus, this is the exception under which the State, in this case, might have been required to show that the statement was directly related to the uncle's tickling in order for the

statement to be admissible. But the State did not invoke this particular exception, asserting instead that the statement was an "excited utterance," which is "[a] statement *relating* to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2) (emphasis added). Authors on the subject agree that the excited-utterance exception is broader than the present-sense-impression exception;[4] and that, under the excited-utterance exception, the startling event may trigger a spontaneous statement that relates to a *much earlier* incident. The record in the present case shows that appellant had started off by merely tickling the child, but went much further. Thus, the complainant's statement about appellant's tickling (the "earlier incident," *id.* at 844) "related to" the uncle's tickling (the startling event), and we see no abuse of discretion in the trial court's decision to admit the statement under the Rule 803(2) excited-utterance exception to the hearsay rule.[5]

---

[4]*See, e.g.,* 2 STEVEN GOODE ET AL., GUIDE TO THE TEXAS RULES OF EVIDENCE § 803.3, at 188 (3d ed. 2002) ("The subject matter requirement of Rule 803(2) is significantly more liberal than that of Rule 803(1). Rule 803(1) is limited to statements 'describing or explaining an event or condition'; Rule 803(2) embraces statements 'relating to a startling event or condition.'").

[5]We note that the Texas Rules of Evidence 803(1) and (2) literally track the Federal Rules of Evidence 803(1) and (2), respectively. We, therefore, find a study of those federal rules helpful. Our research indicates that we would have achieved the same result under those rules that we achieved under our rules, thus lending further support to our disposition of the issue before us. *See, e.g.,* FED. R. EVID. 803 advisory committee's note ("Exceptions (1) and (2)"), explaining that the

> [p]ermissible *subject matter* of the statement is limited under Exception (1) [the present-sense-impression exception] to description or explanation of the event or condition, the assumption being that spontaneity, in the absence of a startling event, may extend no farther. In Exception (2) [the excited-utterance exception], however, the statement need only "relate" to the startling event or condition, thus affording a broader scope of subject matter coverage.

(Alteration in original.) *See also* KENNETH S. BROUN, MCCORMICK ON EVIDENCE §272, at 260-

(continued...)

Appellant also argues that the court of appeals erred in relying on *Tezeno v. State*, 484 S.W.2d 374 (Tex. Crim. App. 1972), and *Sellers v. State*, 588 S.W.2d 915 (Tex. Crim. App. 1979), because those were "pre-rule cases" involving "discussions of the 'spontaneous utterance' rule, which, although similar, is not the same as the 'excited utterance' involved in Rule 803(2) of today's Texas Rules of Evidence." Appellant asserts that the "spontaneous utterance" rule is "obsolete," and claims that it was "repudiated by adoption of the new [rule] and the language of [the "spontaneous utterance"] rule has been streamlined and brought into focus in the almost twenty years since it was replaced by current Rule 803(2)."

We note that appellant cites no authority for the above assertions. Rather, he structures his argument as follows. He first quotes the following language used in *Tezeno* and *Sellers* to define the "spontaneous utterance" exception as one allowing the admission of a statement if:

1. the statement is the product of an occurrence startling enough to produce a state of nervous excitement which would render the utterance spontaneous and unreflecting,

2. the utterance is made before there is time to contrive and misrepresent, that is, the state of excitement produced by the startling event must still dominate the reflective powers of the mind,

---

[5](...continued)
61 (6th ed. 2006):

Federal Rule 803(2) and other modern formulations of the exception require a connection between the event and the content of the statement, but define that connection broadly as "relating to" the event. This terminology is intended to extend beyond merely a *description or an explanation* of the event. The courts have been quite liberal in applying this requirement. The formulation used by Rule 803(2) has the advantage of simplicity while at the same time preserving the trustworthiness gained by requiring a relationship between the exciting event or condition and the resulting statement. It also permits clarification of the difference in theory between excited utterances and statements of present sense impressions.

(Emphasis added) (citations omitted).

3. the utterance must relate to the circumstances of the occurrence preceding it.

*Tezeno*, 484 S.W.2d at 378; *Sellers*, 588 S.W.2d at 918. He then quotes Rule 803(2), which defines an "excited utterance" as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). Comparing the above-quoted language from *Tezeno* and *Sellers* with that of Rule 803(2), appellant concludes that "[i]t is clear that the 'spontaneous utterance' exception is not the same as the 'excited-utterance' exception of Rule 803(2)."

We disagree. The problem with appellant's reasoning is that he is comparing the succinct definition of the Rule 803(2) exception with the Court's comprehensive test of what was once called the "spontaneous utterance" exception. An examination of the literature on the excited-utterance exception, however, reveals the striking similarity (perhaps even a virtual identity, for purposes of the present case) between the two exceptions. Indeed, scholars writing about the excited-utterance exception often use the terms "spontaneous" and "excited" interchangeably. *See, e.g.,* 2 STEVEN GOODE ET AL., *supra* note 4, § 803.3, at 185 ("Texas courts have always recognized the hearsay exception for excited utterances *or* spontaneous declarations") (emphasis added). More importantly, in explaining the requirements of the excited-utterance exception,[6] scholars identify the same concerns articulated by this Court in *Tezeno* and *Sellers*, as shown in appellant's own above-quoted

---

[6]*See, e.g.,* KENNETH S. BROUN, *supra* note 5, § 272, at 255:

Formulations of the exception differ, but all agree on two basic requirements. First, there must be an occurrence or event sufficiently startling to render inoperative the normal reflective thought processes of the observer. Second, the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought. These two elements, which define the essence of the exception, together with a third requirement that the statement "relate to" the event, determine admissibility.

excerpt, for the "spontaneous utterance" exception. Thus, our concerns in applying the excited-utterance exception continue to be the same as those we had in applying the spontaneous-utterance exception: that (1) the "exciting event" should be startling enough to evoke a truly *spontaneous* reaction from the declarant; (2) the reaction to the startling event should be quick enough to avoid the possibility of fabrication; and (3) the resulting statement should be sufficiently "related to" the startling event, to ensure the reliability and trustworthiness of that statement. *Compare* supra note 6 *with* appellant's above-quoted excerpt from *Tezeno* and *Sellers* defining the "spontaneous utterance" exception.

Appellant also argues that our decision in *Apolinar v. State*, 155 S.W.3d 184 (Tex. Crim. App. 2005), supports his position that "the event producing the excited utterance must be the event *about* which the utterance is made." (Emphasis added.) He reasons as follows:

> The fact that the *Apolinar* Court did not utilize or rely upon *Sellers*, *Tezeno*, [*Hunt v. State*, 904 S.W.2d 813 (Tex. App.— Fort Worth 1995, pet. ref'd)] and [*Bondurant v. State*, 956 S.W.2d 762 (Tex. App.— Fort Worth 1997, pet. ref'd)], makes it clear that the rule of *Tezeno*, as interpreted by *Sellers*, *Hunt*, *Bondurant*, and the Court of Appeals in this case, has been repudiated . . . [and the] fact that the Apolinar Court adopted an interpretation of Rule 803(2) which demonstrates that the event giving rise to the excited utterance *must* be the event about which the excited utterance speaks, demonstrates that the interpretation of *Sellers*, *Tezeno*, *Hunt* and *Bondurant* by the Court of Appeals in *McCarty* is faulty, to say the least.

(Emphasis in original.)

We disagree. First, the fact that this Court does not "utilize or rely upon" a case in deciding an apparently related case, does not mean that we have "repudiated" the case not mentioned. Moreover, we would not overrule a whole line of cases, especially one dealing with a concept so well established in both Texas and Federal law as the excited/spontaneous-utterance exception, without even mentioning it. Thus, one may continue to rely on *Tezeno*, *Sellers*, *Hunt*, and *Bondurant*

concerning the treatment of the present excited-utterance exception.

Second, there is nothing in *Apolinar*, and appellant himself fails to cite to anything in that opinion, to support his claim that "the event producing the excited utterance must be the event *about* which the utterance is made." (Emphasis added.) In *Apolinar*, one Pelagio Jimenez was attacked and robbed. He spoke about the incident, but the police could not understand him because he spoke a particular dialect of Filipino and a small amount of Spanish, but could not understand or speak English. 155 S.W.3d at 185. He was taken to the hospital where he remained "heavily medicated, unconscious, or incoherent," *id.*, for four days before he could speak with his daughter and tell her what had happened to him. The main issue presented to us in that case was to determine whether the statement still qualified as an excited utterance in spite of the rather great length of time between the startling event (attack and robbery) and the statement (recounting the event to his daughter).[7] Thus, we did not even address the issue that appellant in the present case claims that we decided (that "the event producing the excited utterance must be the event *about* which the utterance is made" (emphasis added)) because, in *Apolinar*, the statement in question was about the startling event itself.

*Conclusion*

In light of our foregoing discussion, we hold that the trial court had correctly admitted the complainant's statement as an excited utterance under Texas Rule of Evidence 803(2). We, therefore, affirm the judgment of the court of appeals.

DELIVERED: JUNE 25, 2008.

PUBLISH

---

[7]*Id.* at 186 ("We granted review to determine whether the Court of Appeals erred in holding that a hearsay statement made four days after a startling event could be admitted as an excited utterance.")