NO. 07-09-00391-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
15, 2010

 



 

ANTHONY C. PARSON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-423,019; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Anthony C. Parson, was
convicted of attempted[1]
burglary of a habitation with intent to commit murder or aggravated assault.[2]  The indictment included punishment enhancment
allegations of two prior felony convictions.[3]  At the punishment hearing, appellant pleaded
true to the enhancement allegations in the indictment and the jury assessed
appellant’s punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for 50 years.  Appellant subsequently filed this appeal
contending that the evidence was legally insufficient to support the conviction
and that the trial court had committed reversible error in allowing the State
to introduce evidence of an extraneous offense. 
We will affirm the conviction.

Factual and Procedural Background

Appellant and Kathleen McCullough,
the victim, had previously had a dating relationship.  Appellant and McCullough had broken up before
the events of October 10, 2008.  Earlier
in the day on October 10, before the events that resulted in appellant’s
conviction, McCullough was doing her laundry at a laundromat when appellant came
in and began yelling at McCullough.  According
to McCullough’s testimony, appellant continued walking toward her and
threatening her.  McCullough stated she
was backing away from appellant when he grabbed her keys.  He then left the laundromat in the truck she
had borrowed from her brother.  McCullough
called a relative who came to the laundromat and took her back to her
apartment.  Upon arriving at her
apartment, McCullough found the front door unlocked.  While McCullough was trying to determine if
it was safe to go into her apartment, appellant drove up in the truck.  Appellant again began shouting at McCullough
and was threatening her.  After a short
time, appellant left the apartment complex. 
McCullough eventually went inside her apartment.

A few hours later (the record is not
clear as to exactly how much time passed) appellant again returned to the
apartment complex.  Appellant went to
McCullough’s apartment door and tried to gain entry.  Upon finding the door locked he began to beat
and kick on the door and shout threats at McCullough.  McCullough became afraid for her safety and
called 911.  While talking to the 911
operator, McCullough heard a window break, and she retreated to the
closet.  At some point, McCullough heard
more windows being broken and specifically heard appellant say, “Bitch, I’m
going to kill you.”  

The police arrived in response to the
911 call and found appellant outside the apartment.  Appellant was detained and placed in the back
of Officer Travis Denson’s police car.  When
appellant was placed in the rear seat of the police car, Denson activated the
video recording device and placed the camera so as to record appellant.  A copy of the video was played for the
jury.  In the video, appellant continued
to curse and threaten McCullough.  Upon
going back to the door of the apartment, Denson observed that the couch had
been pulled in front of the door and, upon entry, observed the broken
windows.  

Denson then made the decision to
arrest appellant and transport him to the City of Lubbock holding
facility.  During transportation to the
city holding facility, appellant continued to threaten to kill McCullough.  Upon arrival at the city facility, appellant
got into a fight with two other inmates. 
This fight was the subject matter of the extraneous offense of assault
that the trial court allowed into evidence before the jury.  Appellant’s trial counsel objected to the
introduction of the extraneous offense. 
However, the trial court overruled the objection and allowed the
testimony before the jury.

The jury subsequently convicted
appellant as charged in the indictment and sentenced him to serve 50 years in
the ID-TDCJ.  Appellant appeals
contending that the evidence is legally insufficient to prove that appellant
had the requisite intent at the time of the attempted entry into the
apartment.  Additionally, appellant
contends that the trial court abused its discretion in allowing evidence of the
extraneous offense to come before the jury. 
We will affirm the judgment of the trial court.  

Legal Sufficiency of the Evidence

Appellant’s first issue contends that
the evidence was legally insufficient to sustain the judgment.  Specifically, appellant challenges the legal
sufficiency of the evidence to prove the requisite intent of appellant at the
time of the attempted burglary.

Standard of Review

            A legal sufficiency review consists of reviewing the
evidence in the light most favorable to the prosecution to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross
v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004).  However, the jury is the sole judge of the
weight and credibility of the evidence.  
Clewis v. State, 922 S.W.2d 126, 132 n.10 (Tex.Crim.App. 1996)
(citing Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App.
1991)).  We resolve inconsistencies in
the evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).  Circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor.  Guevara v. State, 152 S.W.3d 45, 49
(Tex.Crim.App. 2004).  Furthermore, the
standard of review is the same for both direct and circumstantial
evidence.  Id.

 

 

Analysis

            In
order to convict for the offense of attempted burglary of a habitation with
intent to commit murder or aggravated assault, the State must prove that
appellant attempted to enter McCullough’s habitation without her effective
consent with the intent to commit the offense of murder or aggravated
assault.  There is no argument from
appellant regarding the elements of attempt, consent, or habitation.  Appellant specifically argues that there is
legally insufficient evidence of his intent to commit murder or aggravated
assault.  Accordingly, our analysis will
be confined to that area of the evidence.

            When
considering the question of intent to commit the act charged, we must first
realize that a person’s intent is within his own mind.  See Norwood v. State, 135
Tex.Crim. 406, 120 S.W.2d 806, 809 (1938). 
Next, in an effort to ascertain intent, we may look to the outward
expression of that intent through the words, acts, and conduct of the
individual in question.  Id.  Finally, it is from all of these circumstances
that we determine his intent.  See
Smith v. State, 965 S.W.2d 509, 518 (Tex.Crim.App. 1998) (citing Gray
v. State, 55 Tex.Crim. 90, 114 S.W.635, 645-46 (1908)).  

            When
these considerations are applied to the facts of this case, we find that the record
reveals: 1) appellant accosted McCullough on two occasions on the day in
question; 2) each time appellant approached McCullough, he did so in a
threatening manner stating it was his intent to harm or kill her; 3) appellant
was detained outside of McCullough’s apartment while shouting threats; 4) the
windows had been broken out of McCullough’s apartment, and entry had been
attempted by kicking the door in; 5) McCullough recognized appellant as the one
attempting to get in the apartment; 6) after appellant’s arrest, he continued
to make threats to kill McCullough.  In
short, from the observation of appellant’s conduct and speech, a rational jury
could have concluded beyond a reasonable doubt that appellant intended to kill
or seriously injure McCullough.  See
Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620.  Therefore, the evidence was legally
sufficient.  See Jackson,
443 U.S. at 319; Ross, 133 S.W.3d at 620.  Appellant’s first issue is overruled.

Extraneous Offense

            Appellant’s
last issue deals with the trial court’s admission of extraneous offense
testimony.  The trial court permitted the
State’s attorney to ask Denson if appellant had assaulted two other inmates
upon arrival at the City of Lubbock holding facility.  Appellant contends that the admission of the
evidence was an abuse of discretion because such testimony was not relevant,
and even if relevant, its probative value was clearly outweighed by its
prejudicial impact.  

Standard of Review

            We
review a trial court’s decision to admit or exclude evidence under an abuse of
discretion standard.  See McCarty
v. State, 257 S.W.3d 238, 239 (Tex.Crim.App. 2009).  A trial court abuses its discretion when the
decision to admit the evidence in question lies outside the zone of reasonable
disagreement.  Id.  

Law of Extraneous Offenses

            As
a legal maxim, extraneous offenses are not admissible during a criminal trial,
especially to prove the character of a defendant and that the defendant acted
in conformity with that character trait at the time in question.  See Tex.
R. Evid. 404(b).[4]  There are exceptions to this general
prohibition.  Specifically, extraneous
offense evidence is admissible if it tends to prove or disprove an element of
the offense.  See De La Paz v.
State, 279 S.W.3d 336, 343 (Tex.Crim.App. 2009).  This is the inquiry into the relevance of the
evidence.  See Rule 404(b); De
La Paz, 279 S.W.3d at 343.  The
proponent for admissibility of the extraneous offense evidence must carry the
burden of establishing the admissibility of such evidence.  See Montgomery v. State, 810
S.W.2d 372, 387 (Tex.Crim.App. 1991) (op. on reh’g).  Once the relevance is established, the
evidence may still be excluded if its probative value is substantially
outweighed by its unfair prejudicial effect. 
Rule 403; Santellan v. State, 939 S.W.2d 155, 169 (Tex.Crim.App.
1997).  

            If
a rule 403 objection is made, the trial judge must then conduct a balancing
test to ascertain whether or not the probative value is substantially
outweighed by the prejudicial impact of the proffered extraneous offense.  Id. 
In conducting this balancing test the trial court considers the
following: 1) how compellingly the extraneous offense evidence serves to make
the fact of consequence more or less probable; 2) the potential for this
evidence to impress the jury in some irrational but indelible way; 3) the time
required to develop the evidence; and 4) the force of the proponent’s need for
the evidence. Id.  

 

Analysis 

            Our
first inquiry is whether or not the proffered extraneous evidence is
relevant.  Rule 404(b); De La Paz,
279 S.W.3d at 343.  A review of the
record reflects that the State had a substantial amount of evidence that bore
upon the intent of appellant to murder or assault McCullough at the time he
attempted the unauthorized entry into the apartment.  Further, the quality of the evidence in
demonstrating the intent of appellant was much more direct and persuasive than
evidence of assaults involving strangers at some time removed from the events
that led to appellant’s arrest.  A
further review of the closing arguments reveals that even the proponent of the
evidence must have thought that it was not particularly important, for it is
barely even mentioned during those arguments. 
What was the relevance of this evidence, especially in light of the
entire record?  Our review yields the
conclusion that this extraneous offense evidence was only minimally
relevant.  For purposes of this opinion,
we will treat the evidence as relevant, as it did have some propensity to prove
the element of intent.  See De
La Paz, 279 S.W.3d at 343.

            Therefore,
we now turn to the balancing test pursuant to rule 403.  Santellan, 939 S.W.2d at 169.  Our first inquiry into the strength of the
evidence results in a determination that the evidence in question, a subsequent
assault of other inmates at a time after the offense being considered, is only
minimally compelling.  See id.  In addition, we find the force of the State’s
need for this evidence to be barely above negligible.  See id.  The presentation of the evidence required
only a minimal amount of time, and, to that extent, did not detract the jury
from the real issues at hand.  See
id.  However, when you review the
entire record, the most that can be said for this extraneous offense evidence
is that it proved appellant’s propensity to be aggressive and perpetrate
assaults.  Thus, it did have the
potential for impressing the jury in an irrational but indelible way.  See id.  As such, this evidence should not have been
placed before the jury and to do so was error. 
Rule 403.  

However, our finding that the
admission of the evidence was error does not end the inquiry.  Rather, we must continue the inquiry to determine
whether the admission had an effect on appellant’s substantial rights by a Rule
44.2(b) harm analysis for non-constitutional errors.  See Tex.
R. App. P. 44.2(b);[5]
Haley v. State, 173 S.W.3d 510, 518 (Tex.Crim.App. 2005).  A substantial right is implicated when the
error had a substantial and injurious effect on the jury’s verdict.  Haley, 173 S.W.3d at 518.  In order to ascertain the effect the error
may have had on the jury’s verdict, we are directed to consider everything in
the record, including all of the evidence received by the jury and how the
alleged error might be considered in connection with other evidence supporting
the verdict.  See id.

When we apply the analysis required
to the facts of this case, we find that we have a significant amount of
evidence that went to the issue of appellant’s intent.  Further, the proponent of the evidence in
question mentioned the objected-to evidence only minimally during closing
arguments.  A complete review of the
evidence leads us to the conclusion that the error in admitting the evidence of
the assaults at the city holding facility did not affect appellant’s
substantial rights.  See Rule
44.2(b).  Therefore, the error was
harmless.  See Haley, 173
S.W.3d at 518.  Accordingly, appellant’s
final issue is overruled.

Conclusion

Having overruled appellant’s issues,
we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do
not publish.  











[1]
See
Tex. Penal Code Ann. § 15.01(a)
(Vernon 2003).

 





[2]
See
id. § 30.02(a)(1) (Vernon 2003).

 





[3] See id. § 12.42(d) (Vernon. Supp.
2010), § 30.02(d) (Vernon 2003).





[4]
Further reference to the Texas Rules of Evidence
will be by reference to “Rule __” or “rule ___.” 





[5]
Rule of Appellate Procedure 44.2 provides:

 

(a)  Constitutional Error. 
If the appellate record in a criminal case reveals constitutional error
that is subject to harmless error review, the court of appeals must reverse a
judgment of conviction or punishment unless the court determines beyond a
reasonable doubt that the error did not contribute to the conviction or
punishment.

 

(b)  Other Errors. 
Any other error, defect, irregularity, or variance that does not affect
the substantial rights must be disregarded.