# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00045-CR

**Nylondraleshannette Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 08-1441-K277, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Nylondraleshannette Williams guilty of forgery and assessed punishment at two years in state jail and a $10,000 fine. *See* Tex. Penal Code Ann. § 32.21 (West Supp. 2010). Appellant's only contention on appeal is that the trial court erred by admitting evidence of extraneous offenses. We overrule this contention and affirm the conviction.

The evidence shows that on August 13, 2008, appellant, using the name Nylondra Logan, and her then-husband, Kimo Logan, opened checking and savings accounts at the Georgetown office of Austin Telco Federal Credit Union. On August 29, appellant returned to the credit union and presented a check for $1418.81 payable to her and purporting to be drawn on the business account of Special Needs Home Health at Extraco Bank in Temple. An employee of the credit union testified that appellant led him to believe that this was a payroll check. Appellant deposited $200 in her checking account and took $1218.81 in cash. This check was, in fact, a

forgery. Special Needs Home Health is a fictitious name, as is the company address on the face of the check. The routing number on the check was actually for Southside Bank, and the account number on the check belonged to the account maintained at that bank by the Tyler unit of the American Red Cross. A Red Cross representative testified that four checks drawn on that account had been issued to appellant in January 2008.

Appellant was indicted for having made and passed the forged check described above. Over her objection, the State was permitted to show that she passed three other substantially identical forged checks payable to her and purporting to be drawn on the same nonexistent Extraco Bank account. On August 30, 2008, at the Round Rock office of Austin Telco, appellant cashed a check for $1464.26. On the morning of September 2, at the Shoal Creek office of Austin Telco, appellant presented a check for $1699.14, deposited $65, and took the rest in cash. On the afternoon of September 2, at the Bastrop office of Austin Telco, appellant presented a check for $1593.08, deposited $800, and took the rest in cash. Appellant argues that these other forgeries had no relevance beyond character conformity and hence were inadmissible. Tex. R. Evid. 404(b). We review the trial court's decision to admit this evidence for an abuse of discretion. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008).

The State argues, as it did at trial, that the other forgeries were relevant and admissible to prove that appellant intentionally or knowingly forged the check passed on August 29. As the State points out, appellant's trial defense was that she did not make the forged check, and she did not intentionally or knowingly pass it. Defense counsel told the jury in his opening statement, "The check was [a] forgery. It is also true that Nylondra cashed that check. But what is equally true

2

is she didn't know that it was fake. She had no knowledge that this check was fake because the truth is she was given that check by someone she loved and trusted." Counsel went on to assert that the check had been forged by Celise Malone, who tricked appellant into passing it. Anticipating Malone's testimony, defense counsel characterized her as "a jailhouse snitch coming to make a deal."[1] Throughout the trial, counsel made it a point to emphasize that appellant had used her own name and had not attempted to hide her identity, thereby implying that appellant had not been aware of the forgery.

Intent or guilty knowledge cannot be inferred from the mere passing of a forged instrument. *Albrecht v. State*, 486 S.W.2d 97, 102 (Tex. Crim. App. 1972). Establishing intent or knowledge in a forgery case is so crucial that, "as a practical matter, evidence of extraneous offense is nearly always admissible." *Parks v. State*, 746 S.W.2d 738, 740 (Tex. Crim. App. 1987). In this case, the evidence that appellant passed three other forged checks at three other Austin Telco offices within four days of the charged offense, and that each of these other forgeries was substantially identical to the forged check she passed on August 29, tended to show that appellant had been engaged in an ongoing forgery scheme and thus tended to rebut appellant's claim that she had passed the first check without knowing that it was forged. Given appellant's defensive theory, the trial court

---

[1] Malone testified she helped appellant make several forged checks, using materials they purchased at an office supply store. She also admitted being with appellant when appellant cashed the first check and sharing in the proceeds. At the time of the trial, Malone was serving prison sentences for theft and tampering with government property. Malone had not been prosecuted for her role in the forgeries, and she said that the State had agreed to let her plead guilty to a misdemeanor in exchange for her testimony.

3

did not abuse its discretion by admitting the other forgeries as relevant to prove appellant's guilty knowledge and intent.[2]

Appellant's issue is overruled, and the judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   February 2, 2011

Do Not Publish

---

[2] Appellant does not contend that the relevance of the extraneous offenses was outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403.