Opinion filed November 30,
2012

 

                                                       In The

                                                              

  Eleventh Court of
Appeals

                                                                   __________

 

                                                         No. 11-10-00342-CR

                                                    __________

 

                                 JOE
RAFUS WALKER, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 17542B

 



 

M E M O R A N D U M 
 O P I N I O N

 

             The
jury convicted Joe Rafus Walker of the offense of burglary of a habitation.  After
finding two enhancement paragraphs true, the jury assessed punishment at ninety-nine
years confinement in the Institutional Division of the Texas Department of
Criminal Justice.  See Tex. Penal
Code Ann. § 30.02(c)(2) (West 2011).  We affirm.

            On
the evening the incident occurred, Larry Cherry looked out the window of the
MHMR group home where he was working and watched as appellant, who was standing
in the parking lot outside the home, put on gloves and climbed onto the second
floor balcony of an apartment across the street.  Cherry immediately called the
police and continued to watch as appellant entered the apartment through the
patio door and then exited through the same door about five or ten minutes
later.  Police arrived shortly after appellant exited the apartment and a foot
pursuit ensued. Although officers lost sight of appellant a few times during
the pursuit, appellant was ultimately apprehended and placed under arrest for
evading detention.  Incident to the arrest, officers searched appellant and discovered
in his pockets a pack of Newport cigarettes, two cigarette lighters (one
Scripto and one Bic), a pair of cotton gloves, and $110 in the following
denominations: one twenty, seven tens, and four fives.  While the foot pursuit
ensued, another officer interviewed the apartment resident.  The victim told
the officer that the missing items were a pack of Newport cigarettes, a Scripto
lighter, and $110 in the same denominations described above.  After appellant
was taken into custody, officers placed him in a patrol car and drove him by
where other officers were waiting with Cherry.  Cherry told the officers with
whom he was standing that appellant was the person he saw enter and exit the
victim’s apartment.  Appellant was then taken to the Abilene Police Department
where he was interviewed by detectives.

            At
trial, outside the presence of the jury, appellant offered the video of the
interview into evidence.  The State objected to the offer on the grounds that
it was self-serving hearsay that did not meet any of the hearsay exceptions.  The
trial court sustained the State’s objections.

            Appellant
argues in a single issue on appeal that the trial court erred when it refused
to admit the videotape of appellant’s interview with police.  We review a trial
court’s decision to admit or exclude evidence under an abuse of discretion
standard.  Oprean v. State, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  An appellate court
will not reverse a trial court’s ruling unless that ruling falls outside the
zone of reasonable disagreement.  McCarty v. State, 257 S.W.3d 238, 239
(Tex. Crim. App. 2008); Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim.
App. 2003).

            As
the proponent of the evidence, appellant had the burden to establish that a
hearsay exception applied.  Taylor v. State, 268 S.W.3d 571, 578–79
(Tex. Crim. App. 2008).  On appeal, appellant asserts that the video was
admissible under an exception to the hearsay rule because of the following: (1)
appellant’s statements were his present sense impression, (2) appellant’s
statements were excited utterances, (3) the video was a business record, and
(4) appellant’s statements during the interview were res gestae of the
offense.

            Under
Texas Rule of Evidence 803(1), present sense impressions are not excluded by
the hearsay rule.  The Rule defines a present sense impression as “[a]
statement describing or explaining an event or condition made while the
declarant was perceiving the event or condition, or immediately thereafter.”  Tex. R. Evid. 803(1).  A statement that
meets this definition is admissible under the rationale that, because of the
contemporaneous nature under which it is made, the statement is free from the
defects of memory and is unclouded by the potential deception of a calculated
misstatement.  Rabbani v. State, 847 S.W.2d 555, 560 (Tex. Crim. App.
1992); Freeman v. State, 230 S.W.3d 392, 401 (Tex. App.—Eastland 2007,
pet. ref’d).  “If the declarant has had time to reflect upon the event and the
conditions he observed, this lack of contemporaneity diminishes the reliability
of the statements and renders them inadmissible under the rule.”  Fischer v.
State, 252 S.W.3d 375, 381 (Tex. Crim. App. 2008).  Here, the record
reflects that appellant was arrested shortly after Cherry’s 911 call was made
at 2:30 a.m.  The filmed interview did not begin until after 5:00 a.m.  Given
the ample time between the arrest and the interview for appellant to think
about the statements he would make, the unreflective nature required of a
present sense impression was destroyed.  Id.  The trial court did not
abuse its discretion by refusing to admit the video as a present sense
impression.         

            The
excited utterance hearsay exception provides that the following statements are
not excluded by the hearsay rule: “A statement relating to a startling event or
condition made while the declarant was under the stress of excitement caused by
the event or condition.”  Tex. R. Evid.
803(2).  Similar to the exception for present sense impressions, the rationale
for the admissibility of an excited utterance is that the circumstances under
which it is made “eliminate the possibility of fabrication, coaching, or
confabulation, and that therefore the circumstances surrounding the making of
the statement provide sufficient assurance that the statement is trustworthy
and that cross-examination would be superfluous.”  Idaho v. Wright, 497
U.S. 805, 820 (1990).  However, unlike the determination concerning an alleged
present sense impression, which focuses on the contemporaneity of the
statement, the analysis of an alleged excited utterance is focused on the spontaneity
of the statement.  McCarty, 257 S.W.3d at 239–40.  We must “determine
whether the statement was made ‘under such circumstances as would reasonably
show that it resulted from impulse rather than reason and reflection.’”  Zuliani,
97 S.W.3d at 596 (quoting McFarland v. State, 845 S.W.2d 824, 846 (Tex.
Crim. App. 1992)).  

            The
video appellant sought to admit into evidence begins with appellant sitting
alone in a room at a table.  After ten minutes pass, detectives enter the room,
give appellant Miranda[1]
warnings, and begin to question him.  In response to a question about what
happened that night, appellant stated that five guys got out of a car, shot at
him, and chased him.  Appellant ran from the men.  At some point, he claimed,
officers saw appellant running and began to chase him, ultimately resulting in
his arrest.  Appellant completely denied committing the burglary.  In total,
the video lasts approximately one hour and sixteen minutes.  During that time,
appellant was left alone in the room for various intervals of time from one to
ten minutes.  Throughout the interview, appellant calmly and consistently
presented his version of the events.  

            Here,
appellant argues that the statements he made during the recorded interview were
made under the stress of the excitement of the chase and, thus, that the
excited utterance exception applies.  In McCarty, the Court of Criminal
Appeals provided the following three elements upon which our analysis should be
concerned: “(1) the ‘exciting event’ should be startling enough to evoke a
truly spontaneous reaction from the declarant; (2) the reaction to the
startling event should be quick enough to avoid the possibility of fabrication;
and (3) the resulting statement should be sufficiently ‘related to’ the
startling event, to ensure the reliability and trustworthiness of that
statement.”  McCarty, 257 S.W.3d at 241.  Because of the time that
elapsed between the alleged chase, which appellant claimed to be the startling
event; the multiple intervals throughout the interview during which appellant
had time to reflect; and appellant’s demeanor throughout the entire hour and
sixteen minutes of the interview, it is not unreasonable that the trial court
found that the sufficient requisite indicia of reliability necessary to be
admissible did not exist.  Gutierrez v. State, 85 S.W.3d 446, 455 (Tex.
App.—Austin 2002, pet. ref’d).  Therefore, we hold that the trial court did not
abuse its discretion by refusing to admit the video as an excited utterance.   

            The
business records hearsay exception is provided in Texas Rule of Evidence
803(6).  Generally, it provides for the admission of records made and kept in
the regular course of business.  Tex. R.
Evid. 803(6).  Even when the predicate requirements are met, Rule 803(6)
specifically authorizes the trial court to exclude a business record if “the
source of [the] information or the method or circumstances of [its] preparation
indicate lack of trustworthiness.”  Id.  In this case, the specific information
that appellant argues is admissible are his responses to the detectives’
questions during the interview.  Although the recording was made by the police,
appellant is the source of the information—his responses—which he sought to
admit.  As established in our discussion above, we have already determined that
the trial court did not err in finding that the responses provided by appellant
in the interview were not reliable and not trustworthy.  Thus, we need not
decide whether the business record exception applies to the video recording
because, even if it did, the video would have been properly excluded on the
basis that the source of the information indicated an absence of
trustworthiness.

            Appellant
argues that the statements contained in the video are res gestae statements
which are admissible as contextual evidence offered to correct a false
impression.  In support of this contention, appellant cites two cases: Hayden
v. State, 296 S.W.3d 549 (Tex. Crim. App. 2009), and Mayes v. State,
816 S.W.2d 79 (Tex. Crim. App. 1991).  Neither case supports the proposition
that appellant’s self-serving, hearsay statement is admissible under this
theory.  Therefore, the trial court did not abuse its discretion in excluding
the evidence.  Appellant’s issue is overruled.  

            The
judgment of the trial court is affirmed.

 

            

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

November 30, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Gray, C.J., 10th
Court of Appeals.[2]









                [1]Miranda v. Arizona, 384 U.S. 436 (1966).

 





[2]Tom Gray, Chief Justice, Court of Appeals, 10th
District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.