Opinion filed November 30, 2012



In The

# Eleventh Court of Appeals

_____

No. 11-10-00342-CR

_____

## JOE RAFUS WALKER, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 104th District Court

Taylor County, Texas

Trial Court Cause No. 17542B

## MEMORANDUM OPINION

The jury convicted Joe Rafus Walker of the offense of burglary of a habitation. After finding two enhancement paragraphs true, the jury assessed punishment at ninety-nine years confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). We affirm.

On the evening the incident occurred, Larry Cherry looked out the window of the MHMR group home where he was working and watched as appellant, who was standing in the parking lot outside the home, put on gloves and climbed onto the second floor balcony of an apartment

across the street. Cherry immediately called the police and continued to watch as appellant entered the apartment through the patio door and then exited through the same door about five or ten minutes later. Police arrived shortly after appellant exited the apartment and a foot pursuit ensued. Although officers lost sight of appellant a few times during the pursuit, appellant was ultimately apprehended and placed under arrest for evading detention. Incident to the arrest, officers searched appellant and discovered in his pockets a pack of Newport cigarettes, two cigarette lighters (one Scripto and one Bic), a pair of cotton gloves, and $110 in the following denominations: one twenty, seven tens, and four fives. While the foot pursuit ensued, another officer interviewed the apartment resident. The victim told the officer that the missing items were a pack of Newport cigarettes, a Scripto lighter, and $110 in the same denominations described above. After appellant was taken into custody, officers placed him in a patrol car and drove him by where other officers were waiting with Cherry. Cherry told the officers with whom he was standing that appellant was the person he saw enter and exit the victim's apartment. Appellant was then taken to the Abilene Police Department where he was interviewed by detectives.

At trial, outside the presence of the jury, appellant offered the video of the interview into evidence. The State objected to the offer on the grounds that it was self-serving hearsay that did not meet any of the hearsay exceptions. The trial court sustained the State's objections.

Appellant argues in a single issue on appeal that the trial court erred when it refused to admit the videotape of appellant's interview with police. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

As the proponent of the evidence, appellant had the burden to establish that a hearsay exception applied. *Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008). On appeal, appellant asserts that the video was admissible under an exception to the hearsay rule because of the following: (1) appellant's statements were his present sense impression, (2) appellant's statements were excited utterances, (3) the video was a business record, and (4) appellant's statements during the interview were res gestae of the offense.

2

Under Texas Rule of Evidence 803(1), present sense impressions are not excluded by the hearsay rule. The Rule defines a present sense impression as "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." TEX. R. EVID. 803(1). A statement that meets this definition is admissible under the rationale that, because of the contemporaneous nature under which it is made, the statement is free from the defects of memory and is unclouded by the potential deception of a calculated misstatement. *Rabbani v. State*, 847 S.W.2d 555, 560 (Tex. Crim. App. 1992); *Freeman v. State*, 230 S.W.3d 392, 401 (Tex. App.—Eastland 2007, pet. ref'd). "If the declarant has had time to reflect upon the event and the conditions he observed, this lack of contemporaneity diminishes the reliability of the statements and renders them inadmissible under the rule." *Fischer v. State*, 252 S.W.3d 375, 381 (Tex. Crim. App. 2008). Here, the record reflects that appellant was arrested shortly after Cherry's 911 call was made at 2:30 a.m. The filmed interview did not begin until after 5:00 a.m. Given the ample time between the arrest and the interview for appellant to think about the statements he would make, the unreflective nature required of a present sense impression was destroyed. *Id.* The trial court did not abuse its discretion by refusing to admit the video as a present sense impression.

The excited utterance hearsay exception provides that the following statements are not excluded by the hearsay rule: "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). Similar to the exception for present sense impressions, the rationale for the admissibility of an excited utterance is that the circumstances under which it is made "eliminate the possibility of fabrication, coaching, or confabulation, and that therefore the circumstances surrounding the making of the statement provide sufficient assurance that the statement is trustworthy and that cross-examination would be superfluous." *Idaho v. Wright*, 497 U.S. 805, 820 (1990). However, unlike the determination concerning an alleged present sense impression, which focuses on the contemporaneity of the statement, the analysis of an alleged excited utterance is focused on the spontaneity of the statement. *McCarty*, 257 S.W.3d at 239–40. We must "determine whether the statement was made 'under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection.'" *Zuliani*, 97 S.W.3d at 596 (quoting *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)).

The video appellant sought to admit into evidence begins with appellant sitting alone in a room at a table. After ten minutes pass, detectives enter the room, give appellant *Miranda*[1] warnings, and begin to question him. In response to a question about what happened that night, appellant stated that five guys got out of a car, shot at him, and chased him. Appellant ran from the men. At some point, he claimed, officers saw appellant running and began to chase him, ultimately resulting in his arrest. Appellant completely denied committing the burglary. In total, the video lasts approximately one hour and sixteen minutes. During that time, appellant was left alone in the room for various intervals of time from one to ten minutes. Throughout the interview, appellant calmly and consistently presented his version of the events.

Here, appellant argues that the statements he made during the recorded interview were made under the stress of the excitement of the chase and, thus, that the excited utterance exception applies. In *McCarty*, the Court of Criminal Appeals provided the following three elements upon which our analysis should be concerned: "(1) the 'exciting event' should be startling enough to evoke a truly *spontaneous* reaction from the declarant; (2) the reaction to the startling event should be quick enough to avoid the possibility of fabrication; and (3) the resulting statement should be sufficiently 'related to' the startling event, to ensure the reliability and trustworthiness of that statement." *McCarty*, 257 S.W.3d at 241. Because of the time that elapsed between the alleged chase, which appellant claimed to be the startling event; the multiple intervals throughout the interview during which appellant had time to reflect; and appellant's demeanor throughout the entire hour and sixteen minutes of the interview, it is not unreasonable that the trial court found that the sufficient requisite indicia of reliability necessary to be admissible did not exist. *Gutierrez v. State*, 85 S.W.3d 446, 455 (Tex. App.—Austin 2002, pet. ref'd). Therefore, we hold that the trial court did not abuse its discretion by refusing to admit the video as an excited utterance.

The business records hearsay exception is provided in Texas Rule of Evidence 803(6). Generally, it provides for the admission of records made and kept in the regular course of business. TEX. R. EVID. 803(6). Even when the predicate requirements are met, Rule 803(6) specifically authorizes the trial court to exclude a business record if "the source of [the] information or the method or circumstances of [its] preparation indicate lack of trustworthiness."

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

*Id.* In this case, the specific information that appellant argues is admissible are his responses to the detectives' questions during the interview. Although the recording was made by the police, appellant is the source of the information—his responses—which he sought to admit. As established in our discussion above, we have already determined that the trial court did not err in finding that the responses provided by appellant in the interview were not reliable and not trustworthy. Thus, we need not decide whether the business record exception applies to the video recording because, even if it did, the video would have been properly excluded on the basis that the source of the information indicated an absence of trustworthiness.

Appellant argues that the statements contained in the video are res gestae statements which are admissible as contextual evidence offered to correct a false impression. In support of this contention, appellant cites two cases: *Hayden v. State*, 296 S.W.3d 549 (Tex. Crim. App. 2009), and *Mayes v. State*, 816 S.W.2d 79 (Tex. Crim. App. 1991). Neither case supports the proposition that appellant's self-serving, hearsay statement is admissible under this theory. Therefore, the trial court did not abuse its discretion in excluding the evidence. Appellant's issue is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

November 30, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Gray, C.J., 10th Court of Appeals.[2]

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.