**Affirmed and Opinion Filed February 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00148-CR

### ADRIAN THOMAS WALKER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1235059-T**

## OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

In this aggravated sexual assault of a child case, we consider whether the trial court erred in overruling appellant's objection to comments about appellant's sexual urges made during closing argument. We conclude the prosecutor's argument did not concern extraneous offenses or inappropriate reference to matters outside the record, but rather constituted proper rebuttal to the defense theory that appellant's sexual misconduct was not intentional. Therefore, the trial court did not abuse its discretion in overruling appellant's objection. Moreover, even if the trial court erred, the record does not reflect that appellant suffered harm. We thus affirm the trial court's judgment.

# I. BACKGROUND

LW was five years old when her father sexually assaulted her. LW had crawled into bed with her parents that evening because she was afraid. While her mother Emily remained sleeping, appellant, her father, "stuck his penis" in her mouth. LW felt "sad and mad" and asked appellant why he had done this, but appellant did not respond.

The next day, LW told her mother, "Mom, Papa stuck his penis in my mouth. I need you to talk to him." After she took LW to school, Emily confronted appellant. Appellant claimed he did not remember the offense. Emily went to the Family Advocacy Center and a family member reported the offense to Child Protective Services. Emily and her two children subsequently moved to Indiana to live with Emily's sister.

After the event, appellant conducted an internet search and decided that he suffered from a sleep disorder called "sexomia." Appellant attributed his sexual assault of his daughter to this disorder. He also attributed the disorder to sexual acts he forced on his wife while he was sleeping.

When the police interviewed appellant, he initially told them he did not recall assaulting his daughter. Later in the interview, he told them he remembered putting his penis in his daughter's mouth and remembered that it felt good. Appellant was charged with aggravated sexual assault of a child under six.[1] Appellant pled guilty and his judicial confession was admitted into evidence in a jury trial on punishment.

The defensive theory of the case was that appellant did not recall sexually assaulting his daughter and did so because of his "sleep issues." To this end, appellant offered testimony from

---

[1] The indictment was later amended to aggravated sexual assault of a child under the age of fourteen. LW was seven years old when she testified at trial.

several doctors, a counselor, and a psychologist, but none of the witnesses offered testimony about "sexomia."

Dr. Maxwell treated appellant prior to the offense. Appellant complained about a rash, and stated on his questionnaire that he had "sleep issues, trouble going to sleep, snoring, and acting out while sleeping." Dr. Maxwell treated appellant with steroids for allergies.

After the offense, appellant attended two counseling sessions at a counseling center. He told his counselor that he was acting out sexually in his sleep. His counselor testified that he believed appellant was depressed and had an alcohol dependency problem and might benefit from prescription medication. As a result, he referred appellant to a primary care physician, Dr. Lopez.

Appellant saw Dr. Lopez and mentioned that he was having "problems with sex in his sleep." Dr. Lopez referred appellant to a sleep clinic. The record does not indicate whether appellant ever visited the sleep clinic.

Dr. William Flynn, a psychologist, testified as a mitigation expert for the defense. Dr. Flynn was retained to perform a risk assessment to determine appellant's potential for recidivism. When Dr. Flynn interviewed appellant, appellant told him that his daughter was not a liar, but he did not remember assaulting her. Dr. Flynn opined that appellant was in the "low category" for sexually re-offending. He formed his opinion before he reviewed the part of the video of appellant's police interview where appellant stated that he did remember the assault.

During closing argument, the defense emphasized its theory that appellant was unaware of his actions. Counsel reminded the jury of appellant's statement to Dr. Flynn that he believed his daughter, but did not recall the assault. Counsel argued, "Everyone who testified said he doesn't remember . . . He said he didn't remember and so there is no testimony to refute that, that he did not remember." Finally, defense counsel argued:

He's an anomaly. I can't explain it other than he has a sleep issue. He has some kind of sleep issue. He tried to get help and there we are . . . He's in a home in his bed. The child comes into bed and he doesn't remember what happened.

At one point during the State's closing argument, the prosecutor argued, "Do you, using your common sense and reason, think the first time he had the sexual urge for his daughter was on that day?" Defense counsel objected, but the objection was overruled.

When the evidence closed and arguments concluded, the jury assessed punishment at twenty years' imprisonment and a $10,000 fine. The trial court entered judgment, and appellant perfected this appeal.

## II. ISSUES ON APPEAL AND STANDARD OF REVIEW

In a single issue on appeal, appellant asserts the trial court erred in overruling his objection to the prosecutor's closing argument. According to appellant, the comments about his sexual urges improperly referred to extraneous offenses and matters outside the record. The State responds that the objection was properly overruled because the comments were made in response to the defensive theory of the case.

The standard of review for a trial court's ruling on an objection asserting improper jury argument is abuse of discretion. *Whitney v. State*, 396 S.W.3d 696, 703–04 (Tex. App.—Fort Worth 2013, pet. ref'd). An abuse of discretion involves a decision that was so clearly wrong that it lies outside the zone within which reasonable persons might disagree. *See McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008)

## III. ANALYSIS

*Was the argument improper?*

The State is afforded wide latitude in its jury argument and may draw all reasonable, fair, and legitimate inferences from the evidence. *Allridge v. State*, 762 S.W.2d 146, 156 (Tex. Crim. App. 1988). But, a prosecutor may not present evidence that is outside the record during closing

argument. *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011). The Texas Court of Criminal Appeals recognizes four areas of proper jury argument: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law enforcement. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010); *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). In examining challenges to a jury argument, we consider the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

Here, viewing the State's argument in context, the comments did not refer to collateral offenses, nor did they constitute inappropriate reference to matters outside the record. Rather, the State's argument falls within the parameters of answering opposing counsel's argument and drawing reasonable deductions from the evidence presented at trial. The complained-of argument was as follows:

> STATE: And do you think that all of a sudden he had his first compulsion to do something to [LW] and that was the first time he acted?
>
> DEFENSE: I object to any testimony that was not presented, sounds like he's going to say there are other times.
>
> STATE: It's not what I'm saying, Your Honor.
>
> COURT: Overruled at this point.
>
> STATE: You can use your own common sense. I'm not saying there are other times at all. There was one time. Make no mistake. There was one time. That doesn't mean that we excuse it because it's one time or we minimize that. We went through that.
>
> Do you, using your common sense and reason, think the first time he had the sexual urge for his daughter was on that day?
>
> DEFENSE: That's what I am objecting to. There's no testimony and he can't argue that to the jury.
>
> COURT: Overruled.

This argument does not refer to any other instances of conduct or offenses other than the charged offense. Indeed, the State emphasized that there was only one offense.

Whether appellant's conduct was knowing or intentional was a critical issue in the case. To satisfy the elements of aggravated sexual assault of a child in this case, the State was required to prove that appellant intentionally or knowingly contacted and penetrated the mouth of the victim, a child under fourteen at the time, with his sexual organ. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014). The defensive theory was that appellant's actions resulted from accident rather than sexual desire—that is, were not knowing or intentional. It is not outside the zone of reasonable disagreement to view the State's reference to appellant's sexual urges as an effort to rebut the defensive theory of the case.

Moreover, arguing that appellant thought about an offense does not constitute a reference to an extraneous offense. Lascivious thoughts alone are not a crime., *See*, *e.g.*, *Copeland v. State*, No. 06-13-00044-CR, 2013 WL 6388585, at *7 (Tex. App.—Texarkana Nov. 26, 2013, no pet.) ("Absent any actual conduct, which alone or in combination with such thoughts could constitute . . . a crime, a defendant's comments about a desire or intent to commit an offense do not constitute prior misconduct"); *see also Massey v. State*, 933 S.W.2d 141, 154 (Tex. Crim. App. 1996) ("Statements concerning a defendant's thoughts of wrongdoing are merely inchoate thoughts"); *Cook v. State*, 884 S.W.2d 485, 487 (Tex. Crim. App. 1994) (observing crime requires both actus reus and mens rea).

Under these circumstances, we cannot conclude the trial court abused its discretion in overruling the objection to the State's argument. *See Acosta v. State,* 411 S.W.3d 76, 94 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

***Was the argument harmful?***

Even if the trial court erred in overruling appellant's objection, the error did not affect appellant's substantial rights. Improper jury argument is reviewed under a nonconstitutional harm analysis under rule 44.2(b) of the rules of appellate procedure, and must be disregarded unless it affected appellant's substantial rights. TEX. R. APP. P. 44.2(b); *see Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

In determining whether the appellant's substantial rights were affected, we consider (1) the severity of the misconduct (i.e., the prejudicial effect of the prosecutor's remarks); (2) curative measures; and (3) the certainty of the punishment assessed absent the misconduct. *See Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000).

Applying these factors, we note that the argument was brief and largely inconsequential in light of appellant's judicial confession. Throughout closing argument, both the State and the defense emphasized that there was only one offense, thereby eliminating any potential for confusion and mitigating any potential for the argument to have impressed the jury in an irrational way. Considering the evidence adduced at trial and the entire record before us, there is nothing to suggest the State's comments influenced the jury's assessment of punishment.

We therefore overrule appellant's issue and affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
140148F.U05

/Bill Whitehill/

BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN THOMAS WALKER, Appellant

No. 05-14-00148-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1235059-T.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 27, 2015.