TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00045-CR







Nylondraleshannette Williams, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 08-1441-K277, HONORABLE BURT CARNES, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Nylondraleshannette Williams guilty of forgery and assessed 
punishment at two years in state jail and a $10,000 fine. See Tex. Penal Code Ann. § 32.21 (West
Supp. 2010). Appellant's only contention on appeal is that the trial court erred by admitting
evidence of extraneous offenses. We overrule this contention and affirm the conviction.

The evidence shows that on August 13, 2008, appellant, using the name
Nylondra Logan, and her then-husband, Kimo Logan, opened checking and savings accounts at the
Georgetown office of Austin Telco Federal Credit Union. On August 29, appellant returned to the
credit union and presented a check for $1418.81 payable to her and purporting to be drawn on the
business account of Special Needs Home Health at Extraco Bank in Temple. An employee of the
credit union testified that appellant led him to believe that this was a payroll check. Appellant
deposited $200 in her checking account and took $1218.81 in cash. This check was, in fact, a
forgery. Special Needs Home Health is a fictitious name, as is the company address on the face of
the check. The routing number on the check was actually for Southside Bank, and the account
number on the check belonged to the account maintained at that bank by the Tyler unit of the
American Red Cross. A Red Cross representative testified that four checks drawn on that account
had been issued to appellant in January 2008.

Appellant was indicted for having made and passed the forged check described above. 
Over her objection, the State was permitted to show that she passed three other substantially identical
forged checks payable to her and purporting to be drawn on the same nonexistent Extraco Bank
account. On August 30, 2008, at the Round Rock office of Austin Telco, appellant cashed a check
for $1464.26. On the morning of September 2, at the Shoal Creek office of Austin Telco, appellant
presented a check for $1699.14, deposited $65, and took the rest in cash. On the afternoon of
September 2, at the Bastrop office of Austin Telco, appellant presented a check for $1593.08,
deposited $800, and took the rest in cash. Appellant argues that these other forgeries had no
relevance beyond character conformity and hence were inadmissible. Tex. R. Evid. 404(b). We
review the trial court's decision to admit this evidence for an abuse of discretion. McCarty v. State,
257 S.W.3d 238, 239 (Tex. Crim. App. 2008).

The State argues, as it did at trial, that the other forgeries were relevant and
admissible to prove that appellant intentionally or knowingly forged the check passed on August 29. 
As the State points out, appellant's trial defense was that she did not make the forged check, and she
did not intentionally or knowingly pass it. Defense counsel told the jury in his opening statement,
"The check was [a] forgery. It is also true that Nylondra cashed that check. But what is equally true
is she didn't know that it was fake. She had no knowledge that this check was fake because the truth
is she was given that check by someone she loved and trusted." Counsel went on to assert that the
check had been forged by Celise Malone, who tricked appellant into passing it. Anticipating
Malone's testimony, defense counsel characterized her as "a jailhouse snitch coming to make a
deal." (1) Throughout the trial, counsel made it a point to emphasize that appellant had used her own
name and had not attempted to hide her identity, thereby implying that appellant had not been aware
of the forgery.

Intent or guilty knowledge cannot be inferred from the mere passing of a forged
instrument. Albrecht v. State, 486 S.W.2d 97, 102 (Tex. Crim. App. 1972). Establishing intent or
knowledge in a forgery case is so crucial that, "as a practical matter, evidence of extraneous offense
is nearly always admissible." Parks v. State, 746 S.W.2d 738, 740 (Tex. Crim. App. 1987). In this
case, the evidence that appellant passed three other forged checks at three other Austin Telco offices
within four days of the charged offense, and that each of these other forgeries was substantially
identical to the forged check she passed on August 29, tended to show that appellant had been
engaged in an ongoing forgery scheme and thus tended to rebut appellant's claim that she had passed
the first check without knowing that it was forged. Given appellant's defensive theory, the trial court
did not abuse its discretion by admitting the other forgeries as relevant to prove appellant's guilty
knowledge and intent. (2)

Appellant's issue is overruled, and the judgment of conviction is affirmed.



 __________________________________________

 Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: February 2, 2011

Do Not Publish
1. Malone testified she helped appellant make several forged checks, using materials they
purchased at an office supply store. She also admitted being with appellant when appellant cashed
the first check and sharing in the proceeds. At the time of the trial, Malone was serving prison
sentences for theft and tampering with government property. Malone had not been prosecuted for
her role in the forgeries, and she said that the State had agreed to let her plead guilty to a
misdemeanor in exchange for her testimony.
2. Appellant does not contend that the relevance of the extraneous offenses was outweighed by
the danger of unfair prejudice. See Tex. R. Evid. 403.