NO. 07-11-0292-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 9, 2012

_____

THOMAS DESHONE, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-423,867; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Thomas Deshone, Jr., was convicted by a jury of unlawful possession of a firearm by a felon.[1] Punishment was assessed at five years confinement. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

---

[1] Tex. Penal Code Ann. § 46.04(a) (West 2011).

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

Appellant was convicted of a prior felony offense on September 11, 2008. After serving his sentence on that offense, he and other family members were gathered at his mother's home. A "misunderstanding" arose between himself and his father, Thomas Deshone, Sr. According to Deshone, Sr., also a felon who had been released a few months earlier, Appellant displayed a gun and threatened him during the "misunderstanding." Deshone, Sr. testified that he then exited the house and placed a 911 call out of concern for family members. When the first officer responded, he asked

---

[3]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

Appellant to step outside and patted him down. No weapons were found on his person. After a backup officer arrived, the first officer entered the house and found a gun on the couch under a pillow. Appellant was charged with aggravated assault against his father; however, his father later signed an affidavit of non-prosecution. Appellant was then indicted for intentionally or knowingly possessing a firearm before the fifth anniversary of his release from confinement following a felony conviction.

Appellant suffers from paranoid schizophrenia and is under a doctor's care. He was examined and found competent to stand trial. His parents were subpoenaed by the prosecution. Deshone, Sr. testified reluctantly, but testimony was elicited in support of the charged offense. Appellant's mother testified unwillingly and seemed to struggle in recalling events when questioned by the prosecution. Her memory improved when questioned by the defense. The defense stipulated that Appellant had a prior felony conviction.

Appellant's defensive theory was that the firearm did not belong to him but could have possibly belonged to his father, a felon who did not want to risk being found in possession of the firearm. However, the responding officer testified that based on his interview with Appellant's parents, his opinion was that Appellant possessed the firearm on the date in question.

By the *Anders* brief, counsel raises three possible points of error alleging error by the trial court in (1) admitting an audio recording of a 911 telephone call, (2) admitting the firearm seized at the scene of the offense,[4] and (3) misdirecting the jury and error in

---

[4]We review a trial court's decision to admit evidence over objection under an abuse of discretion standard. *McCarty v.State*, 257 S.W.3d 238, 239 (Tex.Crim.App. 2008).

the court's charge.[5]  Counsel then candidly concludes that there was no abuse of discretion by the trial court in its evidentiary rulings and potential error, if any, was rendered harmless.  Counsel likewise concludes there was no reversible error in the jury charge.

We have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal including pretrial motions, voir dire, the trial proceedings, arguments, the jury charge and sentencing.  *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such issues.  *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).  After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.  *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[5]When, as here, there is no objection to the court's charge, we review the charge for "egregious error."  *See Almanza v. State*, 686 S.W.2d 157, 172 (Tex.Crim.App. 1984).  *See also Chaney v. State*, 314 S.W.3d 561, 568 (Tex.App.--Amarillo 2010, pet. ref'd).