

# NUMBER 13-11-00434-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SHANNON DALE DUKES,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the Criminal District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Rose Vela

A jury found appellant, Shannon Dale Dukes, guilty of continuous sexual abuse of a child, a first-degree felony, *see* TEX. PENAL CODE ANN. § 21.02(a), (h) (West Supp. 2011), and assessed his punishment at forty years' imprisonment. In three issues, which we combine into one, appellant argues the trial court abused its discretion in refusing to allow him to confront and cross-examine a witness, in violation of Article VI of the United

States Constitution, the Sixth Amendment to the United States Constitution, and Article 1, Section 10 of the Texas Constitution.   We affirm.

## I. FACTUAL BACKGROUND

Because appellant has not challenged the sufficiency of the evidence to support his conviction, only a brief recitation of the facts is necessary.   On cross-examination, the alleged victim, L.G., testified that while in the ninth grade, she met a boy named J.M. Appellant told her to stay away from J.M., but she did not listen to him.   Later during L.G.'s cross-examination, defense counsel asked her, "Now, have you-all [L.G. and J.M.] started having sexual relations?"   Before she responded, the prosecutor objected on the basis of "relevance."   In reply, defense counsel stated, "I think it's relevant in that one of our defenses of why the outcry came about was that she [L.G.] was already having sexual relations with [J.M.].   I believe there was testimony, and she said it could be no one else." After holding an in camera hearing[1] to determine whether the proposed evidence was admissible under Texas Rule of Evidence 412, the trial court sustained the objection, and defense counsel withdrew the question.

## II. DISCUSSION

### 1. Standard of Review

"An appellate court reviews a trial court's decision to admit or exclude evidence under an abuse of discretion standard."   *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006) (citing *Rachal v. State*, 917 S.W.2d 799, 816 (Tex. Crim. App. 1996)). "The trial court abuses its discretion when the decision lies outside the zone of

---

[1] The transcription of the in camera hearing is sealed and is included as part of the appellate record.

reasonable disagreement." *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). "[I]f the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling." *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

## 2. Preservation of Error

The State argues the issues presented are not preserved for our review. We agree. In *Reyna v. State*, Reyna was charged with indecency with a child. 168 S.W.3d 173, 174 (Tex. Crim. App. 2005). At trial, after the prosecutor questioned the victim on direct-examination, Reyna's defense counsel sought to introduce evidence of the victim's prior false allegation of sexual assault and her recantation of that allegation. *Id*. Specifically, defense counsel told the trial court the question he wanted to ask the victim "is whether . . . she was the victim of a sexual assault by . . . her mother's boyfriend. . . . And that after the incident . . . [the victim] would testify that it did not happen, and that the allegation was false and no charges were filed against [her mother's boyfriend]." *Id.* at 174–75. When the trial court asked defense counsel, "The purpose of bringing that in?", he said, "Credibility. . . . She's making similar allegations. . . . I'm not offering it to prove the truth of the matter asserted. I'm not offering it to go into her sexuality. I'm offering it to demonstrate that as to prior sexual activities, that she made allegations that there were prior sexual allegations, and recanted." *Id*. at 175. The trial court sustained the prosecutor's objection[2] to the proposed line of questioning. *Id*.

On appeal, Reyna "argued that he was denied his right to 'fully cross examine . . .

---

[2] The prosecutor did not urge a specific objection. When the trial judge said, "State objects?", the prosecutor replied, "Yes." At that point, the trial court sustained the objection.

the accusing witness.'" *Id.* The appellate court agreed and reversed Reyna's conviction. *Id.* The State appealed to the court of criminal appeals, which noted that although the court of appeals did not mention the Confrontation Clause in its opinion, the cases that the court of appeals cited both rely on the Confrontation Clause. *Id.* at 176. The State argued to the court of criminal appeals that Reyna failed to preserve the constitutional argument in the trial court and as a result, it could not be the basis for reversal on appeal. *Id.* In agreeing with the State, the court of criminal appeals stated:

> In this case, Reyna argued to the trial judge that the evidence should be admitted for "credibility." He said that he was "not offering it to prove the truth of the matter asserted" and "not offering it to go into her sexuality." Instead, he argued, "I'm offering it to demonstrate that as to prior sexual activities, that she made allegations that there were prior sexual allegations, and recanted."

> Reyna did not cite to any rules of evidence, cases, or constitutional provisions. Reyna's reference to "the truth of the matter asserted" reflect that he was arguing that the evidence was not hearsay under Evidence Rule 801(d). His claim that he was not offering it "to go into her sexuality" reflects his argument that the evidence should not be excluded under Evidence Rule 412(b). These arguments are both based on the Rules of Evidence. Reyna's reference to "credibility" could be a reference to either the Rules of Evidence or the Confrontation Clause.

> Reyna told the trial judge that the purpose of admitting the evidence was to attack the victim's credibility, but he did not provide the basis for admitting the evidence. He could have been relying on the Rules of Evidence or the Confrontation Clause. It was up to the judge to discern some basis for admitting the evidence.

> We have said that "[t]he purpose of requiring [an] objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection." When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error. . . .

4

Although this case involves a proffer of evidence rather than an objection, the same rationale applies. Reyna did not argue that the Confrontation Clause demanded admission of the evidence. Reyna's arguments for admitting the evidence could refer to either the Rules of Evidence or the Confrontation Clause. His arguments about hearsay did not put the trial judge on notice that he was making a Confrontation Clause argument. Because Reyna "did not clearly articulate" that the Confrontation Clause demanded admission of the evidence, the trial judge "never had the opportunity to rule upon" this rationale. As the losing party, Reyna must "suffer on appeal the consequences of his insufficiently specific offer." Reyna did not do "everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question." The Court of Appeals erred in reversing Reyna's conviction on a ground that he did not present to the trial judge.

*Id.* at 179–80 (citations omitted).

In the instant case, after the prosecutor objected on the basis of "relevance," the record of the trial as well as the record of the in camera hearing reflect that defense counsel did not cite to any specific rules of evidence, cases, or constitutional provisions, state or federal, to support the admission of L.G.'s testimony. His argument that L.G.'s testimony was relevant reflects that he was arguing, generally, that the evidence was admissible under Texas Rule of Evidence 401. However, even if we construe defense counsel's argument to encompass complaints under the Texas Rules of Evidence, the argument is not sufficiently specific to preserve the error he has asserted on appeal. *See id.* at 179. Defense counsel did not argue that either Article VI of the United States Constitution, the Sixth Amendment to the United States Constitution, or Article 1, Section 10 of the Texas Constitution demanded admission of L.G.'s testimony. Because defense counsel did not clearly articulate that the aforementioned constitutional provisions demanded admission of the testimony, the trial court never had the opportunity

5

to rule upon this rationale.    Defense counsel did not do "everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question."    *Id.* at 179.

Because appellate did not preserve his complaints for appellate review, we hold the trial court did not abuse its discretion by excluding the testimony.    All of the issues for review are overruled.

### III. CONCLUSION

We affirm the judgment of the trial court.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of July, 2012.

6