

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00058-CR

Arthur Curtis **THOMAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR5822
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED

Arthur Thomas was found guilty by a jury of continuous family violence. On appeal, Thomas raises four issues asserting: (1) the evidence is insufficient to support the jury's verdict; (2) a juror overheard the prosecutor talking to a witness in the hallway thereby enabling the jury to consider outside evidence; (3) character evidence was improperly admitted; and (4) hearsay evidence was improperly admitted. We overrule Thomas's issues and affirm the trial court's judgment.

## BACKGROUND

On November 19, 2011 an argument ensued between Thomas and Laura Gusman.[1] The argument escalated and ended with Thomas striking Gusman across the face twice, causing Gusman to suffer broken blood vessels in her eye and a swollen face. After staying with her sister for a few days, Gusman returned home on November 23, 2011. When Gusman arrived home, Thomas was outside in the garage with Jonathan Mathis. Gusman entered the garage to retrieve some personal items from the car. While Gusman was sitting in the driver's seat gathering her things, Thomas opened the passenger door, grabbed Gusman by the hair, pulled her out of the car through the passenger side, and dropped her on the ground. Gusman suffered an injury to her elbow and bruises on other parts of her body.

Thomas was charged by indictment with continuous family violence against Gusman to which he pled not guilty. The indictment also contained an enhancement allegation. Thomas was convicted and sentenced to twenty-five years' confinement. Thomas appeals.

## SUFFICIENCY OF THE EVIDENCE

Thomas asserts the evidence is factually insufficient to support the jury's verdict. Specifically, Thomas contends that the great weight of the evidence was against the jury's finding that two or more assaults occurred within a twelve month period.

### A.   Standard of Review

Although Thomas's brief refers to factual insufficiency, the Texas Court of Criminal Appeals has held that the legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support the elements of a criminal

---

[1] Laura Gusman's family name is actually "Guzman," but her name is spelled "Gusman" on her birth certificate and on the indictment.

offense. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Therefore, we apply the legal sufficiency standard in reviewing this issue.

In reviewing the sufficiency of the evidence, a reviewing court must consider all evidence in a "light most favorable to the verdict" to determine whether the jury, based on the evidence, was rationally justified in finding guilt. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). A reviewing court may consider all the evidence in the record of the trial, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013).

The jury has the exclusive responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the proven facts. TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 2013); *Merritt*, 368 S.W.3d at 525 (stating that the jury is the sole judge of credibility and weight to be attached to witness testimony). "A jury may believe or disbelieve all or any part of a witness's testimony, even though the witness's testimony has been contradicted." *Dorsey v. State*, 24 S.W.3d 921, 924 (Tex. App.—Beaumont 2000, no pet.) (citing *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)).

**B.      *Discussion***

At trial, the State introduced the following into evidence: (1) Gusman's 911 call; (2) the testimony of several witnesses; and (3) photographic evidence of Gusman's injuries. Gusman testified to the events that took place on November 19th and November 23rd. She described how Thomas slapped her twice during the first event causing her face to swell and broken blood vessels in her eye. She also described the second event where Thomas grabbed her by the hair, dragged her out of the car, and dropped her on the ground, causing a laceration on her elbow and several bruises on her body.

Trinity Guzman, Gusman's sister, testified that Gusman called her after the first event upset and crying. Guzman testified that when she went to pick Gusman up, Gusman was very emotional and was shaking. Guzman testified Gusman's face was swollen and her eye was red from a broken blood vessel. The State also introduced into evidence the tape of the 911 call Gusman made after the November 23rd event. Additionally, photographs of Gusman's injuries were admitted into evidence.

In support of his defense, Thomas presented testimony from Jonathan Mathis, his friend, and Audrey Edwards, a next door neighbor. Mathis testified that he was with Thomas on both November 19th and November 23rd. Mathis testified that he did not witness either of the alleged assaults. Likewise, Edwards testified that she did not hear any screams or any noise coming from the home where Gusman and Thomas lived on November 23rd.

The testimony of Mathis and Edwards conflicts with the testimony of Gusman that describes the events on November 19th and November 23rd. The eye witness testimony of Gusman alone constitutes sufficient evidence to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). Inconsistent or contradictory testimony does not render the evidence insufficient; it simply creates an issue of fact for the jury to resolve. *Shah v. State*, 414 S.W.3d 808, 814 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). As the sole judge of the weight and credibility of witness testimony, it was within the province of the jury to resolve any such inconsistencies or conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts. *Merritt*, 368 S.W.3d at 525. Viewing all the evidence in a light most favorable to the verdict, we conclude that a rational jury could have found that Thomas committed two assaults in a twelve month period. *Id.* Thomas's first issue is overruled.

**OUTSIDE EVIDENCE**

In his second issue, Thomas contends the jury was allowed to consider outside evidence. As a result of the jury considering outside evidence, Thomas asserts that he did not receive a fair and impartial trial, and he should be granted a new trial. Thomas's argument is without merit.

When a jury receives evidence other than the evidence presented at trial and considers such evidence during deliberations, it constitutes jury misconduct. TEX. R. APP. P. 21.3(f), (g). To prove jury misconduct, Thomas had to show that the misconduct occurred, and the misconduct resulted in harm to him. *Noland v. State*, 264 S.W.3d 144, 153 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

In this case, after the jury was selected but before the jury was sworn in and the trial began, the prosecutor was talking with one of the State's witnesses in the hallway when two of the jurors walked by. When the prosecutor saw the jurors, she stopped talking with the witness until the jurors had left the hallway. Upon returning to the courtroom, the prosecutor told the judge on the record about the incident before the jury was sworn in. The judge questioned each of the two jurors about what, if anything, they overheard. One juror stated that he did not hear anything and the other juror stated that he only overheard the witness say "she was crying." The judge asked the second juror whether he was now biased one way or the other based on what he heard. The juror stated he was not biased and that he could render a verdict based on the law and the evidence. After the juror was excused, the judge stated that "if [the witness] takes the stand and she is sworn in, and [the juror] gets a reiteration of what he heard under oath and it's evidence and he considers it," then there would not be an issue since the juror would consider evidence presented at trial even though he had overheard it earlier. Thomas stated he would have no issues if the State presented this witness during its case in chief and the witness testified to what the juror overheard. The witness did testify during the State's case in chief that Gusman was crying. Because Thomas has

not established there was any jury misconduct or that any jury misconduct caused him harm, his second issue is overruled.

## CHARACTER EVIDENCE

In this third issue, Thomas contends that the admission of inadmissible character evidence prejudiced him. During Gusman's testimony, the State asked Gusman if she remembered whether Thomas was working at the time of the first event, and Gusman stated that Thomas was not working. Thomas objected to the relevancy of the character evidence under Rule 401. TEX. R. EVID. 401. Thomas did not object on the basis of either Rule 403 or 404(b) upon which his complaint on appeal is based. TEX. R. EVID. 403, 404(b). To preserve error for appellate review, Thomas must have made a timely objection at trial, and his complaint on appeal must comport with the objection made at trial. TEX. R. APP. P. 33.1(a)(1); *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013). "An objection stating one legal theory may not be used to support a different legal theory on appeal." *Dixon v. State*, 2 S.W.3d 263, 271 (Tex. Crim. App. 1998) (quoting *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)). Because Thomas's relevancy objection to the evidence that he was not working does not comport with the complaint he raises on appeal, Thomas has not preserved his third issue for our review, and the matter is not properly before this court.

## HEARSAY

In Thomas's last issue, he contends that hearsay was improperly admitted at trial. Thomas asserts the 911 tape and Trinity Guzman's testimony about the conversations she had with Gusman should not have been admitted. The trial court admitted the 911 tape and Guzman's testimony about the conversations under the excited utterance hearsay exception.

## A.     *Standard of Review*

A trial court's decision to admit evidence over an objection is reviewed under an abuse of discretion standard and will not be reversed absent a clear abuse of discretion. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). The trial court's decision will not be reversed unless the decision was so clearly wrong that it lies outside the zone within which reasonable persons might disagree. *Id.*

Hearsay statements are not admissible unless they fall under a recognized exception to the hearsay rule. TEX. R. EVID. 802. The excited utterance exception is one of the recognized exceptions under Rule 803. The excited utterance exception applies to "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2).

## B.     *Discussion*

Thomas contends the excited utterance exception does not apply in this case because the State did not establish that an exciting event occurred. However, independent evidence of an exciting event is not required before a trial court may admit statements relating to the event. *Coble v. State*, 330 S.W.3d 253, 294 (Tex. Crim. App. 2010). The trial judge decides whether there is sufficient evidence to prove an exciting event, and may consider the statement itself when making the determination. *Id.* "The critical determination is 'whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event' or condition at the time of the statement." *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003) (quoting *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)).

The trial court heard the 911 tape in which Gusman describes being pulled out of the car and the injuries she received from the second assault. The tape establishes that Gusman was upset and crying throughout the phone conversation with the 911 operator as she tried to give

information on her location and Thomas's location so the police could assist her. Gusman was clearly distraught and dominated by the excitement, fear and pain of the event; therefore, the 911 tape was properly admitted under the excited utterance exception.

The trial court also heard Guzman describe the phone call she received from Gusman shortly after the first assault on November 19th. Guzman testified that Gusman could hardly talk because she was upset and crying. Guzman testified that Gusman asked her to pick her up from her friend's house and that when she got there Gusman was very emotional. For a statement to be considered an excited utterance, the statement must be made while the declarant is still emotionally dominated by the startling event or condition. *Martinez v. State*, 178 S.W.3d 806, 814–15 (Tex. Crim. App. 2005). Guzman's testimony supports a finding that Gusman was still under the stress of having been assaulted; therefore, the trial court did not abuse its discretion in admitting Guzman's testimony.

CONCLUSION

Based on the foregoing reasons, the trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH