

NUMBER 13-15-00110-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JAMES CORTNEY DEAN,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

---

### On appeal from the 24th District Court
### of Victoria County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Longoria

By one issue, appellant James Cortney Dean challenges his conviction for possession with intent to deliver more than four but less than 200 grams of cocaine, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West, Westlaw through Ch. 46, 2015 R.S.). We affirm.

## I. BACKGROUND

On the night of January 18, 2014, Victoria Police Department Officer Stephen Lang was traveling southbound on Houston Highway in Victoria, Texas when he noticed a vehicle fail to yield the right-of-way to two cars as it pulled onto the highway. Officer Lang reversed direction and followed the vehicle until he witnessed two additional traffic violations: the vehicle failed to stop within 100 feet of a stop sign and failed to signal for a distance of 100 feet before turning. Officer Lang activated his emergency lights to initiate a traffic stop. The vehicle pulled over towards the side of the road in response but continued to move for "at least three or four blocks" before coming to a complete stop.

Officer Lang made contact with the driver, appellant, and the front-seat passenger, Britney Williams. Appellant gave his consent for Officer Lang to search the vehicle. The search disclosed a baggie containing a white powdery substance in plain view towards the "bottom right side" of the car radio. Officer Lang removed the front cover of the radio and discovered a digital scale and more plastic baggies containing the same substance. The substance in the baggies later tested positive for cocaine. Officer Lang and the other responding officers detained appellant and Williams. A search of appellant's person yielded an empty plastic baggie and $404 in cash.

The next morning—approximately ten hours later—a correctional officer at the Victoria County Jail witnessed appellant standing on a bench in the holding cell when he "seized up, fell backwards, hitting his head on the ground when he began to shake." Appellant was admitted to Citizens' Medical Center where he was treated in the intensive care unit for eleven days. Dr. Daniel Cano, the physician primarily responsible for treating appellant, testified that the primary cause of appellant's symptoms was cocaine

2

poisoning. Dr. Cano explained that swallowing cocaine wrapped in plastic could have caused a delayed release of the drug that would explain the ten-hour delay in the appearance of appellant's symptoms. Dr. Cano further testified that appellant also tested positive for benzodiazepines and phencyclidine.

After appellant was taken to the hospital, two police officers questioned Williams on whether she had seen appellant swallow anything during the stop. At trial, Williams testified that she told the officers that when Officer Lang initiated the stop, Williams saw appellant "grab something out of his sock and ingest it, but I wasn't really paying attention." Appellant objected to her statement, arguing that her testimony was irrelevant and that the potential for unfair prejudice outweighed the probative value. *See* Tex. R. Evid. 401, 403. The trial court overruled each of appellant's objections.

The jury returned a verdict of guilty, found two enhancement paragraphs to be true, and assessed punishment at thirty-five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division and a $5,000 fine. Appellant timely filed notice of appeal.

## II. Discussion

By one issue, appellant asserts that the trial court erred in admitting Williams's testimony that she saw appellant swallow something during the traffic stop because the danger of unfair prejudice outweighed the testimony's probative value. *See id.* R. 403. We disagree.

### A. Standard of Review and Applicable Law

Texas Rule of Evidence 403 provides that the trial court may exclude relevant, probative evidence if the probative value is "substantially outweighed" by the danger of

3

unfair prejudice, confusion of issues, misleading the jury, the possibility of undue delay, or if it would be cumulative of other evidence. *Id.*; *see Rodriguez v. State*, 203 S.W.3d 837, 843 (Tex. Crim. App. 2006). We review the trial court's decision on a Rule 403 objection for an abuse of discretion, not reversing as long as the court's ruling is within the zone of reasonable disagreement. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006).

Courts must balance the following factors when deciding an objection under Texas Rule of Evidence 403: (1) the probative force of the evidence; (2) the proponent's need for the evidence; (3) any tendency of the evidence to suggest a decision on an improper basis; (4) any tendency of the evidence to confuse or distract the jury from the main issues; (5) any tendency that a jury not equipped to evaluate the evidence's probative force would give the evidence undue weight; and (6) the likelihood that presentation of the evidence will be repetitive or consume an inordinate amount of time. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006); *Espinosa v. State*, 328 S.W.3d 32, 42 (Tex. App.—Corpus Christi 2010, pet. ref'd).

### B. Analysis

Appellant asserts that the trial court erred in overruling his objection to Williams's testimony under Texas Rule of Evidence 403 because the second and third *Gigliobianco* factors weighed in favor of exclusion. Appellant reasons that the State had no need for the evidence and that it had a tendency to suggest that the jury decide appellant's guilt on the mere fact that appellant was a user or seller of illegal narcotics in general. We

4

disagree, and conclude that both *Gigliobianco* factors weigh in favor of admission.

First, as to the second factor, the State's need for the evidence was great. Appellant was not in exclusive possession of the car in which Officer Lang found cocaine. Thus, to convict appellant, the State had to prove affirmative links between appellant and the cocaine such that his connection with it "was more than just fortuitous." *See Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011); *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). The jury heard testimony from Officer Lang that the cocaine he found behind the radio was contained in plastic baggies and that he had an empty baggie on his person, and testimony from Dr. Cano that swallowing cocaine wrapped in plastic could cause a delayed release of the drug. When viewed in conjunction with the testimony of Officer Lang and Dr. Cano, Williams's testimony that she saw appellant swallow something helped establish an affirmative link between appellant and the baggies of cocaine Officer Lang found behind the car's radio. *See Whitemon v. State*, 460 S.W.3d 170, 179 (Tex. App.—Fort Worth 2015, pet. ref'd) (holding that danger of unfair prejudice did not override the probative value of defendant's statement to a bond officer that his drug of choice was cocaine when the defendant stated that he was a visitor in the apartment in which cocaine was found and that the cocaine did not belong to him). The only other evidence the State had to show an affirmative link between the cocaine and appellant was the testimony of Genie Moya, Williams's cousin. Moya testified that she twice observed appellant pushing on the radio while she rode in the front passenger seat of his car on previous occasions. However, Moya testified only that she observed "a little bit of plastic in the radio" and did not specify what she saw any further.

The State also needed Williams's testimony to rebut appellant's defensive strategy of attempting to show affirmative links between Williams and the cocaine. At the time of the traffic stop, Williams was on probation after pleading guilty to the offense of possession of cocaine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). Appellant's trial counsel told the jury in his opening statement that they would view the dashcam recording from Officer Lang's vehicle, see how appellant and Williams responded to being detained, and "make a determination as to who's acting guilty here." Appellant's counsel pursued this theory of Williams's guilt throughout the trial and, during closing arguments, called Williams "a complete liar. She's been lying form the very beginning of this case and she's lying even as she testified today." Williams's testimony helped rebut appellant's defensive strategy by establishing a link between the plastic-wrapped cocaine in the radio and appellant.

Based on the foregoing, we conclude that the second *Gigliobianco* factor weighs in favor of admission.[1]

We also conclude that the third factor, the tendency of the evidence to suggest a decision on an improper grounds, weighs in favor of admission. The Texas Court of

---

[1] Appellant added language to his single issue implying that Williams's testimony that she saw appellant ingest something was inadmissible because it was irrelevant. *See* TEX. R. EVID. 401 (providing that evidence is relevant if it makes a fact of consequence to the case "more or less probable than it would be without the evidence"). If appellant intended by this language to also make a relevancy argument it would render his single issue multifarious. *See Prihoda v. State*, 352 S.W.3d 796, 801 (Tex. App.—San Antonio 2011, pet. ref'd). However, we have the discretion to address a multifarious issue to the extent that we can discern the specific alleged error the issue raises. *See id.*; *Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

To the extent appellant intended to raise a separate relevancy issue, we overrule it. As we explained in greater detail in our discussion of the second *Gigliobianco* factor, Williams's testimony that appellant swallowed something during the traffic stop made it more likely that he intentionally and knowingly exercised control over the cocaine, a fact of consequence to this case. *See* TEX. R. EVID. 401; *see also Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011). We conclude that Williams's testimony was relevant and the trial court did not err in admitting it over appellant's objection. *See* TEX. R. EVID. 401.

6

Criminal Appeals has explained that this factor refers "only to relevant evidence's tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged." *State v. Melcher*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). Evidence is not unfairly prejudicial under Texas Rule of Evidence 403 if it "relates directly to the charged offense." *Id.* at 440–41; *see Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003). While Williams's evidence is prejudicial to appellant, it is not unfairly prejudicial because it pertained directly to the allegation against him by providing a link between him and the cocaine. *See Manning*, 114 S.W.3d at 928 (holding evidence that the defendant tested positive for cocaine an hour and a half after a fatal car accident was not unfairly prejudicial because it went directly to the charge that the defendant caused the accident through ingesting a controlled substance). The third *Gigliobianco* factor weighs in favor of admission.

In sum, we conclude that the trial court did not abuse its discretion by overruling appellant's objection because the second and third *Gigliobianco* factors weigh in favor of admissibility. *See Gigliobianco,* 210 S.W.3d at 641–42. We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of September, 2015.

7